[No. 12028.   Department One.   September 21, 1915.]

NORTH IDAHO GRAIN COMPANY, LIMITED, *Respondent*, v.
I. P. CALLISON, *Appellant*.[1]

APPEAL—DECISION—BAR—MATTERS CONCLUDED.   The decision of
the supreme court that plaintiff, in an action to recover the price of
a specific lot of hay sold to defendant, having adopted that theory
entirely, cannot recover damages for breach of an executory sale of
which there was no evidence to sustain a recovery, has no reference
to the plaintiff's right to bring a different action relating to the
same transaction.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered December 27, 1913, upon
findings in favor of the plaintiff, in an action on contract,
tried to the court.   Reversed.

*John C. Hogan* and *A. E. Graham*, for appellant.
*Bridges & Bruener* and *Glen Snider*, for respondent.

ON PETITION FOR REHEARING.

PER CURIAM.—We are asked, in a petition for rehearing,
to modify our decision, or to hold that the present action is
no bar to an action for damages for the breach of an execu-
tory contract.   The language particularly complained of is:

"Plaintiff might have adopted the theory of an executory
sale and brought an action for damages.   Having adopted
the one theory, it cannot now claim the benefit of the other or
take from the defendant the legal benefit flowing from its
conduct."   83 Wash. 212, 224, 145 Pac. 232.

We were passing upon the case made by the record.
There was no testimony which would sustain a judgment for
damages in the case at bar.   The case proceeded entirely upon
the theory of a sale of a specific lot of hay, then set apart
for the buyer.   We had no thought of another case involving

[1]Reported in 151 Pac. 775.

the same transaction, and did not intend to hold that plaintiff could not bring another action upon another theory.

. Whether the action can be maintained will be passed upon when the case is before us and the testimony is reviewed.